UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HALL,

        Plaintiff,                            CASE NO. 13-13859

v.

                                              Hon. Paul D. Borman
RICHARD M. DODMAN, R.N.,        United States District Court
and WILLIAM C. BORGERDING, D.O.,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I.  INTRODUCTION

Plaintiff Dennis Hall, a state prisoner at Oaks Correctional Facility in Manistee, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  The defendants are Richard M. Dodman, R.N., and William C. Borgerding, D.O.  The complaint and exhibits allege that, in 2007, state officials granted Plaintiff a medical accommodation so that he could wear prescription athletic shoes, which he claimed to need as a result of past injuries to his feet, as well as, foot and ankle deformities.  The shoes were issued in 2008, and the medical accommodation was re-issued every six months thereafter.  On June 14, 2011, however, defendant Dodman declined to re-issue the medical accommodation, and defendant Borgerding subsequently upheld Dodman's decision.

Plaintiff claims that the defendants caused him to suffer unnecessary and wanton

infliction of pain in violation of the Eighth Amendment to the United States Constitution. He asserts that defendant Dodman misrepresented his pre-existing and current medical conditions and that defendant Borgerding denied his request to have the medical accommodation renewed without personally examining him or ordering alternative treatment. Plaintiff seeks money damages and an order compelling the defendants to re-issue his medical accommodation for athletic shoes.

## II. LEGAL STANDARD

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. When screening an indigent prisoner's complaint, a federal district court

> must examine both [28 U.S.C.] § 1915(e)(2) and [28 U.S.C.] § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

*Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).[1] A complaint is frivolous if it

---

[1] 28 U.S.C. § 1915(e)(2) reads:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

2

lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).  While a complaint need not

---

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915A of Title 28, United States Code, reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.  DISCUSSION

#### A.  Legal Framework

Plaintiff brings his claim against state officials for alleged violations of the Eighth Amendment to the United States Constitution.  A prison official

> violates the Eighth Amendment when she exhibits "deliberate indifference to [the] serious medical needs" of a prisoner. *Estelle* [*v. Gamble*, 429 U.S. 97, 104 (1976)]. An Eighth Amendment claim has an objective component and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to prove a "sufficiently serious" medical need, and the subjective component requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

*Santiago v. Ringle*, *et al*., __ F.3d __, __, No. 12-4075, 2013 WL 5911217, at *3 (6th Nov. 5, 2013).

A prison official's interruption of a prescribed plan of treatment can manifest deliberate indifference and constitute a constitutional violation, *id*. at *4, but

4

to demonstrate that a medical need is "sufficiently serious" under the objective component of an Eighth Amendment claim, the plaintiff must show that his or her medical need

> is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotation marks omitted). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

*Id*.

> The subjective component of an Eighth Amendment claim

> requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind," equivalent to criminal recklessness. *Farmer*, 511 U.S. at 834, 839–40 (internal quotation marks omitted). To be liable, the doctors need not act "for the very purpose of causing harm or with knowledge that harm will result," *id*. at 835, but they must act with more than mere negligence, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005) . . . . [A] prison doctor "has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001).

*Id.* at \*5.

**B.  Application**

Plaintiff's complaint and exhibits indicate that a regional medical director approved new athletic shoes for Plaintiff in 2008 and that the shoes were ordered on May

5

21, 2008.  In subsequent years, Plaintiff asked for, and received, new shoes to replace his worn out shoes.  However, on June 14, 2011, defendant Dodman physically examined Plaintiff after Plaintiff asked to have his shoes replaced.  Dodman found:

> no deformities, no redness, swelling, or discoloration.  No corns, callouses.  No open areas or wounds.  Skin pink, warm and dry.  No numbness or tingling.  Foot arches intact . . . .  Has a healed scar on left great toe.  Shoes are in good condition at this time.  Has current accommodation and detail written by nurse.

Compl., Attach. C, page 1.

On June 16, 2011, Kyle L. Sperling, PA, determined that Plaintiff had ankle deformities, which appeared to be congenital, and an old gunshot injury on his left foot.  Mr. Sperling noted that Plaintiff had a wide base toe box with high arches, but that Plaintiff was able to ambulate with a normal, stable gait while wearing a pair of old tennis shoes.  Mr. Sterling opined that, if Plaintiff had to wear standard state shoes, dermal breakdown would eventually occur.  Mr. Sterling's plan of action was to request a special tennis shoe accommodation for Plaintiff but to wait for the regional medical director's decision on whether Plaintiff qualified for the shoe accommodation.  *Id.*, page 2.

On September 9, 2011, defendant Borgerding reviewed Plaintiff's request for a medical accommodation and reiterated Mr. Sterling's comments regarding Plaintiff's ankle deformities, gunshot injury, wide toe box, and high arches.  But instead of approving Plaintiff's request for an athletic shoe accommodation, Dr. Borgerding deferred the request, noting that Plaintiff was able to play basketball.  *Id.*, page 3.

Finally, on September 23, 2011, defendant Dodman interviewed Plaintiff in

connection with Plaintiff's Step I Grievance on the issue.  Dodman denied Plaintiff's grievance and instructed Plaintiff to purchase his tennis shoes from an approved vendor. Dodman noted that, following the interview, Plaintiff walked briskly out of the health clinic with a normal, stable gait.  Compl., Attach. A, page 2.

      The facts set forth in the complaint and exhibits indicate that Plaintiff did not have a serious medical need.  His gunshot wound apparently had healed, and he was able to walk normally, wearing an old pair of tennis shoes.  His condition did not mandate treatment; nor was it so obvious that even a lay person would have easily recognized the need for medical attention.

      Plaintiff also has not shown that the defendants had a culpable state of mind. Defendant Dodman examined Plaintiff and gave him the option of buying the type of shoes that Plaintiff thought he needed.  Defendant Borgerding subsequently assessed Plaintiff's situation and determined that a medical accommodation was unnecessary. Although Plaintiff alleges that defendant Dodman intentionally misrepresented Plaintiff's injuries and deformities and arbitrarily denied Plaintiff's request for a medical accommodation, "federal courts are generally reluctant to second guess medical judgments . . . ." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  Plaintiff's allegations establish nothing more than a difference of opinion about whether a medical accommodation for athletic shoes was needed.  Whether a different form of treatment was necessary "is a classic example of a matter for medical judgment," and a medical decision not to order certain measures "does not represent cruel and unusual punishment." *Estelle*

*v. Gamble*, 429 U.S. at 107. A mere "difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action." *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004).

## IV. CONCLUSION

Plaintiff has failed to establish the objective and subjective prongs of an Eighth Amendment claim. The complaint therefore lacks an arguable basis in law and fails to state a plausible claim for which relief may be granted. Consequently, the complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1). An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2013.

s/Deborah Tofil  
Case Manager

8