UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HALL,

        Plaintiff,                          CASE NO. 13-13859

v.

                                                PAUL D. BORMAN
RICHARD M. DODMAN, R.N.,            UNITED STATES DISTRICT JUDGE
and WILLIAM C. BORGERDING, D.O.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION** (dkt. #10)

**I.  INTRODUCTION**

On September 10, 2013, plaintiff Dennis Hall filed a *pro se* civil rights complaint against Richard M. Dodman, R.N., and William C. Borgerding, D.O.  Plaintiff is a state prisoner, and his complaint alleged that, in 2007, state correctional officials granted him a medical accommodation so that he could wear prescription athletic shoes, which he requested due to injuries to his feet and deformities in his foot and ankle.  The shoes were issued in 2008, and the medical accommodation was re-issued every six months thereafter.  On June 14, 2011, however, defendant Dodman declined to re-issue the medical accommodation, and, on September 9, 2011, defendant Borgerding upheld Dodman's decision.

Plaintiff alleged in his civil rights complaint that defendant Dodman intentionally misrepresented his medical condition and that defendant Borgerding denied his request for the medical accommodation without personally examining him or ordering alternative treatment.  Plaintiff argued that the defendants' conduct amounted to deliberate indifference to a serious medical condition in violation of his rights under the Eighth Amendment to the United States

Constitution.

On December 23, 2013, the Court summarily dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint lacked an arguable basis in law and failed to state a plausible claim for which relief could be granted. The Court stated that Plaintiff had failed to establish an Eighth Amendment claim by showing that he had a serious medical need and that the defendants had a culpable state of mind. Currently pending before the Court is Plaintiff's motion for reconsideration of the Court's order of dismissal.

## II. DISCUSSION

Plaintiff filed his motion for reconsideration under Federal Rule of Civil Procedure 59(e). "A district court may alter or amend a judgment under Civil Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012). This District's Local Rule 7.1(h) also allows a party to move for reconsideration, but the rule requires the movant to "show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

### A. The Absence of Discovery

Plaintiff alleges that the Court erred by making a decision on his complaint without the benefit of discovery, a supplemental brief from him, or an amended complaint. According to Plaintiff, discovery and additional documents would have demonstrated that defendant Borgerding's observation – that Plaintiff could play basketball without prescription shoes – was

unfounded.

While it is true that the Court summarily dismissed the complaint without serving it on the defendants and without waiting for Plaintiff's brief, amended complaint, or discovery, the Court thoroughly reviewed the complaint. The Court also reviewed the attachments to the complaint, which included: Plaintiff's state complaint for the writ of mandamus, an answer to the state complaint, and the state court's order denying the complaint; Plaintiff's grievance and the responses; Plaintiff's medical "kites" and the responses; a nurse protocol; and clinical progress notes.

Furthermore, 28 U.S.C. § 1915(A)(a) requires district courts to review and screen a prisoner's complaint against a governmental entity, officer, or employee "before docketing, if feasible or, in any event, as soon as practicable after docketing." District courts must dismiss all or any portion of a prisoner's civil rights complaint against a governmental entity, officer, or employee if the allegations (1) are frivolous, malicious, or fail to state a claim for which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The Court, therefore, did not err when it screened and dismissed Plaintiff's complaint without the benefit of a supporting brief, an amended complaint, an answer, or discovery.

### B. The Adequacy of Treatment

Next, Plaintiff alleges that the Court failed to consider whether the medical treatment he received was "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The Court did acknowledge in its order of dismissal that interruption of a prescribed plan of treatment could manifest deliberate indifference to a serious

medical need and constitute a violation of the Eighth Amendment. Dkt. #8, at 4. The Court nevertheless determined from the facts, as alleged in the complaint and attachments, that Plaintiff had not established a serious medical need mandating treatment. The Court also determined that the defendants did not have a sufficiently culpable state of mind and that Plaintiff's allegations established nothing more than a difference of opinion about whether he needed a medical accommodation for athletic shoes. In reaching these conclusions, the Court implicitly determined that the defendants' conduct was not "woefully inadequate." The Court therefore declines to grant reconsideration on the basis of Petitioner's allegation that the Court's analysis was incomplete or deficient.

### C. The Totality of the Circumstances

Finally, Plaintiff argues that, even if the Court does not believe his individual claims amount to an Eighth Amendment violation, the Court should conclude that all the instances of failing to treat him or to continue his prescribed plan of treatment amount to deliberate indifference under the Eighth Amendment.

"In certain extreme circumstances the totality itself may amount to an eighth amendment violation, but there still must exist a specific condition on which to base the eighth amendment claim." *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985). "[S]uch conditions, 'considered alone or in combination [with other conditions],' *Rhodes* [*v. Chapman*, 452 U.S. 337, 347 (1981)], must amount to a deprivation of 'life's necessities,' *id*., before a violation of the eighth amendment can be found." *Id*. (first alteration in original, second alteration added).

The defendants' decisions did not result in the deprivation of life's necessities.

Therefore, Plaintiff cannot establish cumulative error.

### III.  CONCLUSION

Plaintiff has failed to show that the Court made an obvious, clear, unmistakable, manifest, or plain error when it summarily dismissed his complaint.  And a manifest injustice will not occur if the Court fails to alter or amend its judgment.  Accordingly, Plaintiff's motion for reconsideration (dkt. #10) is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2014.

s/Deborah Tofil
Case Manager